[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM DEFENDANTS' MOTION TO STRIKE DATED AUGUST 29, 1991
The plaintiff does not object to count six of the amended complaint dated 2/12/91 being stricken.
Concerning count three, which is actually parenthetically labeled as sounding in negligent mispresentation, it is a potpourri of a claim sounding in breach of contract and "representations or misrepresentations" CT Page 8795 without setting forth with reasonable clarity what constituted the defendants' alleged negligent activity. Accordingly, we don't think count three, as presently framed, states a cause of action in tort. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,218 (1987).[1]
Count four is brought under CU CUTPA (42-110a et seq. Conn. Gen. Stat.) against municipal entities. Stack's Memorandum of Law on Opposition To Defendant's (sic) Motion to Strike at 5. However, we are of the opinion that CUTPA does not lie against a municipality. See: Connelly v. Housing Authority, 213 Conn. 354, 363-64 (1990); Metcalf v. Town of Ridgefield, 1 Conn. L. RPTR 553, 554 (Flynn, 1990); Chernet v. Town of Wilton,2 Conn. L. RPTR 475, 476 (Cioffi, 1990); French v. Wallingford Board of Education, 3 Conn. L. RPTR 77 (Berdon, 1991).
Count seven is brought pursuant to section 22a-16 of our statutes. Since the defendants concede in their brief that the plaintiff has standing to sue, (Defendants' Memorandum of Law In Support of Defendants' Motion to Strike at 14.) it would be logically difficult for us to find that this count, which reasonably tracks the statute, is legally insufficient because there is "No actual controversy". Motion to Strike dated August 29, 1991. Finally, the defendants' attack based on venue must in our practice be raised by a motion to dismiss. Practice Book 143(3).
Accordingly, counts 3, 4, and 6 are ordered stricken.
Stack, in its brief, suggests that the claim for punitive damages is bottomed upon CUTPA. Since count four, based upon CUTPA, has been ordered stricken, we will also strike this claim for relief.
Orders may enter accordingly.
WILLIAM PATRICK MURRAY A JUDGE OF THE SUPERIOR COURT